UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY J. FREDERICK,

                       Plaintiff,

-against-

ELISEO CELAYA ALVARADO and PROFI TRANSPORT CORP.,

                       Defendants.

**ORDER**

No. 25-CV-09442 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 12, 2025, Defendants removed this action from state court based upon diversity jurisdiction. (Doc. 1).

Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). Here, Plaintiff's complaint does not state a specific sum of money he seeks to recover from Defendants and asserts only that he seeks damages in a "sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Doc. 1-1 at 6). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the

district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendants, in the notice of removal, allege that the amount in controversy exceeds $75,000 on the basis that "damages were first explicitly specified in a paper served on November 10, 2025 and received on November 10, 2025." (Doc. 1 ¶ 4). Other than that bare allegation, no "other paper" has been proffered which sets forth the amount in controversy. The Court has also undertaken to review the electronic docket in the state court proceeding, and that docket is similarly devoid of any written indication of the amount in controversy.

Accordingly, Defendants may supplement the notice of removal by filing the "paper served on November 10, 2025" which they contend establishes the amount in controversy for purposes of diversity jurisdiction, by November 20, 2025. If no such document is filed by that date, the Court will direct that this action be remanded to the state court from which it was removed.

SO-ORDERED:

Dated: White Plains, New York
       November 13, 2025

_____
Philip M. Halpern
United States District Judge